## MYERS et al. v. BETHLEHEM SHIP-BUILDING CORPORATION, Limited.

## SAME v. MacKENZIE et al.

### Nos. 3189, 3190.

Circuit Court of Appeals, First Circuit.

May 13, 1936.

For former opinion, see 88 F.(2d) 154, which affirmed decree in 15 F.Supp. 915.

Charles Fahy and Robert B. Watts, both of Washington, D. C., for appellants.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

The appellants have moved for leave to file a petition for rehearing and urge that our decision in these cases is in conflict with that of the Supreme Court in National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S.Ct. 615, 623, 81 L. Ed. —— (decided April 12, 1937), and allied cases. In the opinion in the Jones & Laughlin Case it is said: "The various parts of respondent's enterprise are described as interdependent and as thus involving 'a great movement of iron ore, coal and limestone along well-defined paths to the steel mills, thence through them, and thence in the form of steel products into the consuming centers of the country—a definite and well-understood course of business.' * * * Although activities may be intrastate in character when separately considered, if they have such a close and substantial relation to interstate commerce that their control is essential or appropriate to protect that commerce from burdens and obstructions, Congress cannot be denied the power to exercise that control. * * * The question is necessarily one of degree. * * * It is thus apparent that the fact that the employees here concerned were engaged in production is not determinative. The question remains as to the effect upon interstate commerce of the labor practice involved. * * * In view of respondent's far-flung activities, it is idle to say that the effect would be indirect or remote." Hughes, C. J., National Labor Relations Board, Petitioner, v. Jones & Laughlin Steel Corporation.

In the present case the District Judge found that "The plaintiff is a Delaware corporation, owning and operating a shipbuilding plant at Quincy, Massachusetts, known as the Fore River Plant. This plant and its equipment is fully described in the bill. The plaintiff is engaged in the business of designing and building vessels of various kinds under specific contracts and employs approximately 5,000 employees. It fabricates substantially all materials used in the building of vessels, and for the most part builds boilers and main propelling machinery for each vessel. The vessels are delivered at the Fore River Plant. The cost of materials represents less than one half the entire cost of the vessel."

It is obvious that the business here in question as described in the finding of the District Judge is very different in character from the "far-flung" enterprises of the Jones & Laughlin Steel Corporation, or from the essentially interstate businesses involved in National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 57 S.Ct. 645, 81 L.Ed. —— and National Labor Relations Co. v. Fruehauf Trailer Co., 57 S.Ct. 642, 81 L.Ed. ——. In applying the test laid down in the Jones & Laughlin opinion to individual business organizations, some uncertainty as to which are under federal control in their relations with their employees and which under state control will at first be unavoidable. When the ques-

tion is raised, as in this case, we think it devolves on the National Labor Relations Board to show that the business involved is probably within its jurisdiction. On the findings of the District Judge that fact is not established in the present case. We think the case should stand for final hearing in the District Court.

Motion denied.